NO. 07-04-0409-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 1, 2004
_____

RONNIE DEAN PENNON JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 39,827-E; HON. ABE LOPEZ, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Ronnie Dean Pennon Jr. (appellant) appeals from an order revoking his community supervision and directing that he serve seven years imprisonment. He had previously been convicted of burglarizing a habitation, imprisoned, and then released on community supervision. Appellant's counsel filed a motion to withdraw, together with an *Anders*[1] brief, and certifies that, after diligently searching the record, he has concluded that appellant's appeal is without merit. Along with his brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and

_____

[1]*Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

of appellant's right to file a *pro se* response or brief. By letter dated September 24, 2004, this court also notified appellant of his right to file his own brief or response and set October 25, 2004, as the deadline by which he had to do so. To date, the court has received neither a *pro se* brief or response or a motion for an extension of time.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed three potential areas for appeal. They involved 1) the effectiveness of counsel, 2) the sufficiency of evidence to support a finding that appellant violated the conditions of his probation, and 3) the trial court's discretion in the sentencing. However, appellate counsel then satisfactorily explained why the arguments lacked merit. Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review not only confirmed the accuracy of appellate counsel's representations but also failed to reveal any error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


Brian Quinn
Justice

Do not publish.